**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ILLUMAFINITY, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>Defendants. | **Civil Action No. 24-3096**<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff Illumafinity, LLC ("Illumafinity" or "Plaintiff") files this amended complaint against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has original subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Amazon Storefronts identified in Schedule A (collectively, "Amazon Storefronts"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Amazon Storefronts through which Illinois residents can purchase products within the scope of

Plaintiff's patent. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products within the scope of Plaintiff's patent to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

3. Illumafinity is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Houston, Texas.

4. Illumafinity is the owner of United States Patent No. 7,012,637 ("'637 Patent"). Illumafinity's patented technology has previously been licensed to numerous U.S. and foreign companies.

5. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

6. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the '637 Patent in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of

their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

7. Illumafinity has not licensed or authorized Defendants to use the invention claimed in the '637 Patent, and none of the Defendants are authorized retailers of Illumafinity's intellectual property.

8. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in **Schedule A** to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

9. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the same product images, accepted payment methods, check-out methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same or similar controlling app, and the use of the same text and images.

10. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

11. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and payment accounts behind layers of payment gateways so that they can continue operation in spite of enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their payment accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

12. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ‘637 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store has offered shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

13. Defendants’ infringement of the ‘637 Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

14. Defendants’ infringement of the ‘637 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, has irreparably harmed Plaintiff.

## JOINDER OF THE DEFENDANTS

15. Plaintiff incorporates by reference paragraphs 8-9 above by reference for the purposes of joinder.

16. Defendants are properly joined as these the infringement arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact common to all defendants or counterclaim defendants will arise in the action.

17. Each infringing product is likely sourced from the same supplier. For example, each infringing product operates with the same circular track system and multi-camera capture system and uses the same app for control. *See*, Schedule A, Exhibit 1.

**THE '637 Patent**

18. On March 14, 2006, the '637 Patent was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Capture Structure for Alignment of Multi-Camera Capture Systems." Attached hereto as **Exhibit A**.

19. The '637 Patent is valid and enforceable under United States Patent Laws.

20. The '637 Patent generally covers a multi-camera capture system mounted on a camera platform that moves along a circular track system. The camera platform is configurable to align a first camera to capture a subject within the circular track system as the camera platform moves along the circular track system.

21. In an embodiment of the invention, a capture structure that includes a camera platform and a circular track system is described. The camera platform is configured to move along the circular track system. The multi-camera capture system is mounted on the camera platform and the subject to be captured is encompassed by the circular track system. Some embodiments of the invention also include a subject platform for the subject within the circular track system.

22. Illumafinity is the owner of the '637 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '637 Patent against infringers, and to collect damages for all relevant times.

23. The '637 Patent expired by its own terms on January 5, 2024. Therefore, Illumafinity seeks all recoverable damages for infringing acts from March 14, 2006, up to and including January 5, 2024.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,012,637**

24. Illumafinity repeats and realleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Defendants, without authority from Illumafinity and during the term of the '637 Patent, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale a capture structure for a multi-camera capture system that comprises a circular track system; a camera platform configured to hold the multi-camera capture system configured to move along the circular track system; and a subject platform encompassed by the circular track system. When placed into operation by Defendants or its end user customers, these acts constitute direct infringement, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a).

26. The infringing products include at least the models and/or systems identified by the ASINs included in Schedule A ("Accused Products"). The Accused Products and methods infringe at least claims 8 and 15 of the '637 Patent.

27. For example, the Accused Products infringe claims 8 and 15 of the '637 Patent because, when placed into operation by Defendant or its end users, the Accused Products perform a method of operating a multi-camera capture system, the method comprising mounting the multi-camera capture system to a camera platform; and moving the camera platform along a circular

track system while capturing a first subject within the circular track system. *See Claim Charts-* **Ex. B-1 and B-2.**

28. Illumafinity has been damaged as a result of the infringing conduct by Defendants as alleged above. Thus, Defendants are liable to Illumafinity in an amount that adequately compensates Illumafinity for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Illumafinity and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Illumafinity respectfully requests:

A. That Judgment be entered that Defendants have infringed at least one or more claims of the '637 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. An award of damages sufficient to compensate Illumafinity for Defendants' infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendants' willful infringement;

C. That the case be found exceptional under 35 U.S.C. § 285 and that Illumafinity be awarded its reasonable attorneys' fees;

D. Costs and expenses in this action;

E. An award of prejudgment and post-judgment interest; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Illumafinity respectfully demands a trial by jury on all issues triable by jury.

Dated this 30th day of July, 2024.

Respectfully submitted,

*/s/ Neal Massand*
Neal Massand
Texas Bar No. 24039038
hni@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Illumafinity LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Neal Massand*
Neal Massand